Battle, J.
 

 The second section of the act of 1854, (Revised Code, ch. 7, sec. 28,) declares the mode by which any person, who builds, repairs, furnishes or equips a steamboat, or other vessel, shall enforce the lien upon such steamboat, or other vessel, which is given to him by the first section of the same Act, (Rev. Code, ch. 7, sec. 27.) The proceeding is to be by causing the boat or vessel to be
 
 “
 
 seized and held
 
 *84
 
 for tiie satisfaction of Ms debt, as in other cases of original attachment; and the proceedings in such case shall be thenceforth conducted as in other attachment causes; provided, that the presence of the owner, or master of any such vessel, shall not prevent the proceeding by attachment, as in case of alisen ce.” The right of the petitioner Crandon, who claims to be the owner of the vessel in this case, to be allowed to inter-plead, for the purpose of having his alleged title tried, is founded upon the provision in the attachment law, which gives to the person who claims the property attached, the right to interplead with the view to establish his title. (Rev. Code, ch. 7, sec. 10.) At first view this might seem to be proper, and to be sanctioned by the very words of the Act, which we are considering; but a very little reflection will satisfy us, that it cannot be done without defeating the whole purpose of the Act. That purpose, as is admitted by the counsel for the petitioner, is, to give to the creditor the power to proceed m
 
 rem
 
 against the vessel for the recovery of his debt. Now, it is manifest that any construction of the Act which will defeat that purpose, must be inadmissible. In the case of an original attachment, if, upon an interplea, the title be found to be in the person who claims the property attached, the attachment will necessarily be defeated, because the defendant in the attachment is no longer in court, either in person or by his property.
 
 Deaver
 
 v. Keith, 5 Ire. Rep. 374. Such a result, in the case before us, would entirely defeat the sole object of the first section of the Act, which is to give the creditor a preferable right to satisfaction out of the vessel itself.
 

 But it is said, that if the right to interplead be denied him, how can the real owner of the vessel contest, either the existence, or the amount of the alleged debt, as in common j ustice it would seem that he ought to be allowed to do ? The answer is, that for such a purpose he has a right to come in and make himself a party to the suit. The proceeding, as we have already seen, is
 
 in
 
 rem, and being so, any person who has an interest in the thing, “ may intervene to protect his
 
 *85
 
 interest while the thing continues
 
 sub judieeP Benjamin
 
 v.
 
 Teel,
 
 11 Ire. Rep. 49. The claim to be allowed to interplead, is a very different matter. In that, nothing can be tried but the title of the property levied on.
 
 McLean
 
 v. Douglas, 6 Ire. Rep. 233. That certainly cannot be at all material in a proceeding under an Act which gives to the creditor a right to have his debt satisfied out of the thing seized, let it belong to whom it may.
 

 The order of the Superior Court is reversed, which will be certified to the end that a
 
 procedendo
 
 may issue to the County Court to proceed in the original cause.
 

 Per Curiam.
 

 'Judgment reversed.